Herrera *v.* Heirs of Otero.

Appeal from the District Court of Ponce.

No. 780.—Decided May 24, 1912.

New Trial—Appeals from Municipal Courts—Jurisdiction of Supreme Court.—According to section 295 of the Code of Civil Procedure as amended by Act of March 9, 1905, the Supreme Court has jurisdiction to entertain appeals from judgments of district courts rendered on appeal from municipal courts only when the amount in litigation exceeds $300, therefore it lacks jurisdiction to entertain an appeal from an order denying the reversal of a judgment and the granting of a new trial in a case originating in a municipal court where the amount in litigation was less than this sum.

The facts are stated in the opinion.

*Mr. José A. Poventud* for appellant.

*Mr. Francisco Jiménez* for respondent.

Mr. Justice Aldrey delivered the opinion of the court.

In the Municipal Court of Ponce a controversy arose between Rita Herrera and Olimpio Otero, now his estate, who opposed the acceptance of a consignation of $76.75 made by the former in favor of the latter, the opposition being based upon the ground that the amount deposited was less than the sum due, which aggregated $195.45.

After the decision of this case by the District Court of Ponce on appeal from the judgment rendered therein by the

municipal court of the same city, a motion was filed in said district court asking for a new trial and to set aside the judgment rendered by said court. This motion was denied by the district court in an order of October 21, 1911, the present appeal being taken therefrom.

Section 295 of the Code of Civil Procedure, as amended on March 9, 1905, page 136 of the Laws of 1905, vests us with the jurisdiction to take cognizance of appeals from the judgments rendered by the district courts on appeal from municipal courts only when the matter in controversy exceeds the sum of $300; we lack jurisdiction to pass upon the order refusing to set aside the judgment and to grant a new trial.

This same question was decided by us on March 26, 1912, in the case of *Mora v. Rosaly,* when we made the following statement, which is applicable to this case:

"It might be argued that this is not an appeal from a judgment, but from an order denying a motion for a new trial. We shall not enter upon a discussion as to whether or not the foregoing argument would have any legal force in a case where the value of the thing claimed or the amount of the judgment exceeds $300; but we do affirm that it has absolutely no efficacy in the appeal submitted to our consideration, where the value of the thing claimed or the amount of the judgment does not exceed the said sum. Should we admit such procedure to be proper we would then defeat the purpose of the enactment of the legislator contained in subdivision 2 of section 295 of the Code of Civil Procedure, because in that case, instead of taking an appeal from the judgment, a motion for a new trial would be made; and an appeal would then be taken from the order denying such motion, and in such artful manner the outcome eventually would be the reversal of a judgment which could not be reversed by this court on appeal for want of jurisdiction." *Mora v. Rosaly,* 18 P. R. R., 170.

In view of the foregoing reasons we have no jurisdiction to hear this appeal and it should, therefore, be dismissed.

*Appeal dismissed.*

Chief Justice Hernández and Justices MacLeary, Wolf and del Toro concurred.